IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICHOLAS JAMES QUEEN, SR., | * | |
| Petitioner | * | |
| v. | * | Civil Action No.WMN-06-2282 |
| | | Criminal No. WMN-93-2282 |
| HERBERT N. MALETZ | * | |
| Respondent | * | |

******

**MEMORANDUM**

On August 31, 2006, Petitioner Nicholas James Queen, Sr., filed this *pro se* Petition for Writ of Mandamus against deceased United States District Judge Herbert N. Maletz. Paper No. 1, Civil Action No. WMN-06-2282 (D. Md. 2006). Petitioner asserts that the Honorable Herbert N. Maletz erred in sentencing Petitioner. The Petition for Writ of Mandamus shall be denied.

The United States Supreme Court stated in *Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" In this case, Petitioner is collaterally attacking the validity of his sentence. As such, the proper vehicle by which to assert this challenge is a 28 U.S.C. §2255 motion, not the All Writs Act. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). Accordingly, the Petition will be construed as a Motion to Vacate, Set Aside or Correct sentence under §2255.

Plaintiff was convicted in this court and sentenced on September 30, 1994. *See United States v. Queen*, Criminal No. WMN-93-0366 (D. Md. 1993). The conviction and sentence were affirmed on appeal. Paper No. 144, Criminal No. WMN-93-366 (D. Md. 1993). Plaintiff's efforts to vacate his convictions and sentences on the grounds that the government did not have jurisdiction to prosecute him have been unsuccessful. *See Queen v. United States,* WMN-05-2942 (D. Md. 2005); *Queen v. United States of America,* WMN-05-1149 (D. Md. 2005); *Queen v. United States of America*, Civil Action No. WMN-04-1475 (D. Md. 2004); *Queen v. United States of America*, Civil Action No. AW-04-1472 (D. Md. 2004); *Queen v. United States of America*, HNM-00-1841 (D. Md. 2000); *Queen v. United States of America*, HNM-97-1184 (D. Md. 1997); and *United States of America v. Queen*, Criminal No. WMN-96-0366 (D. Md. 1996). The instant motion is a successive collateral challenge to his conviction and sentence. Successive motions under § 2255 may not be filed absent leave to do so from a federal appellate court. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997).

      A petitioner may not evade the procedural requirements of a successive § 2255 motion by creatively captioning his petition for relief. "Furthermore, prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The fact that Petitioner's motion is successive or that he has been denied leave to file a successive motion by the Court of Appeals does not render the remedy afforded by § 2255 inadequate or ineffective. *See In re Vial*, 115 F.3d at 1194 n. 5. Since Petitioner has not obtained prior authorization from the United States Court of Appeals for the Fourth Circuit to bring this successive 28 U.S.C. § 2255 action, the motion must be dismissed for lack of jurisdiction. *See*

2

*Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).  A separate Order follows.

/s/

September 26, 2006        _____
Date                                        William M. Nickerson
                                                 United States District Judge